NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMERE J. COSTIN,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER VEGA, et al.,<br><br>Defendants. | No. 24cv7926 (EP) (SDA)<br><br>**OPINION** |

**PADIN, District Judge.**

*Pro se* Plaintiff Jamere J. Costin, a pre-trial detainee in the Cumberland County Jail, New Jersey, submitted a Complaint pursuant to 42 U.S.C. § 1983. D.E. 1. He also seeks permission to proceed *in forma pauperis* ("IFP"). D.E. 1-1.

Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance. Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed IFP.

The entire fee to be paid in advance of filing a civil complaint is $405, comprised of a $350 filing fee and a $55 administrative fee. A prisoner who is granted IFP status will, instead, be assessed a filing fee of $350 and will not be responsible for the $55 administrative fee. L. Civ. R. App'x K. A prisoner who is denied IFP status must pay the full $405, including the $350 filing fee and the $55 administrative fee, before the complaint will be filed.

A prisoner seeking to bring a civil action IFP must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28

U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. *Id.*

Plaintiff's IFP application is incomplete because he did not include an account statement that covers the six-month period immediately preceding the filing of the Complaint, *i.e.*, from January 22, 2024 to July 22, 2024. D.E. 1-1 at 4. Additionally, the provided account statement has not been certified by an appropriate prison official. *Id.* The Court will direct the Clerk to administratively terminate the Complaint pending receipt of the $350 filing fee and $55 administrative fee or a complete IFP application.[1] The Clerk will be directed to reopen the matter once Plaintiff submits the certified account statement or pays the filing fee.[2]

An appropriate Order accompanies this Opinion.

8/28/2024
Date

Evelyn Padin, U.S.D.J.

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

[2] Plaintiff should be aware that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Additionally, if the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action IFP unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

2