<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMERE J. COSTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER VEGA, *et al*.,<br><br>    Defendants. | No. 24cv7926 (EP) (SDA)<br><br>**OPINION** |

**PADIN, District Judge.**

    *Pro se* Plaintiff Jamere J. Costin ("Costin"), formerly a pretrial detainee in the Hudson County Jail ("HCJ")[1] in New Jersey, brings a Complaint under 42 U.S.C. § 1983 against Defendants Officer Vega ("Vega"), Hudson County Jail Director ("HCJ Director"), "Medical Department," and "Social Workers." D.E. 1 ("Compl." or "Complaint"). The Court granted Costin's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). D.E. 6. The Court must now review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). For the reasons below, the Court will **PROCEED in part** and **DISMISS in part** *without prejudice* the Complaint.

**I.    BACKGROUND**

    Costin alleges his constitutional rights were violated from the first day he entered HCJ on June 15, 2024. Compl. at 4-5. Vega closed a cell door on Costin's foot, and he did not give Costin

---

[1] Costin is currently detained in Cumberland County Jail in Bridgeton, New Jersey.

a mattress to sleep on "for a good period of time." *Id.* at 5. The Medical Department dispensed Costin's PTSD medication at 4:00 or 5:00 p.m., although it was prescribed for bedtime. *Id.* at 6.

At HCJ, inmates use a "kios[k]" to "drop request slips" and order food and store items. *Id.* Costin alleges he was discriminated against because he was completely denied access to the kiosk. *Id.* He submitted written request slips and did not receive a single response. *Id.* He "tried everything" but "no one cared." *Id.* Costin alleges he was targeted and treated unfairly. *Id.* For relief, he seeks compensation for pain and suffering, and for Defendants to "follow the rule of . . . law." *Id.*

## II.     LEGAL STANDARDS

Under the Prison Litigation Reform Act ("PLRA") a district court shall dismiss the case if the court determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(b). The same standard that governs a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) applies to the PLRA's *sua sponte* dismissal provision. *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). "The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023). The Court must also liberally construe a *pro se* complaint by holding it "to less stringent standards than formal pleadings drafted by lawyers." *Id.* (cleaned up).

Costin brings his claims under 42 U.S.C. § 1983. Compl. at 2. Section 1983 creates a private right of action "against persons who, under color of state law, violate a plaintiff's constitutional rights." *Henry v. Essex Cnty.*, 113 F.4th 355, 360 (3d Cir. 2024) (cleaned up). "The first step in evaluating a section 1983 claim is to identify the exact contours of the underlying right

2

said to have been violated and to determine whether the plaintiff has alleged a deprivation of a constitutional right at all." *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (cleaned up). The second step is to determine whether the plaintiff adequately alleged the defendant's personal involvement in the alleged wrongs. *Id.*

### III.    ANALYSIS

#### A.    Costin's Due Process Claims Against Vega May Proceed

Costin first alleges that Vega slammed a cell door on his foot. Compl. at 5. Under the Fourteenth Amendment Due Process Clause, "a detainee may not be punished prior to an adjudication of guilt." *E. D. v. Sharkey*, 928 F.3d 299, 307 (3d Cir. 2019) (cleaned up). A condition of confinement does not constitute punishment if it "is reasonably related to a legitimate government objective." *Id.* The government has a legitimate objective in "maintaining security and order and operating the institution in a manageable fashion." *Hubbard v. Taylor* ("*Hubbard I*"), 399 F.3d 150, 159 (3d Cir. 2005). Where applicable, the Court must further inquire whether "the conditions caused Plaintiff to endure such genuine privations and hardship over an extended period of time, that they became excessive in relation to the purposes assigned to them." *Hubbard v. Taylor* ("*Hubbard II*"), 538 F.3d 229, 233 (3d Cir. 2008). Where the alleged conditions are excessive under the totality of the circumstances, deference to the expertise of corrections officials in operating jails is not required. *Id.* Costin has alleged sufficient facts to create a reasonable inference that Vega's conduct of slamming the cell door on his foot constituted punishment unrelated to the legitimate objective of maintaining security. Therefore, this claim may **PROCEED**.

Costin also alleges that when he arrived at HCJ, Vega did not give him a mattress to sleep on "for a good period" of time. Compl. at 4-5. The same due process analysis applies to whether

3

deprivation of a mattress constitutes punishment under the Fourteenth Amendment. The Third Circuit has held that County jails have a legitimate governmental objective in managing overcrowded jails, which permits alternative sleeping arrangements. *Hubbard II*, 538 F.3d at 233. However, the Court is unaware of any precedent finding that failing to provide a mattress, for any period of time, is a permissible alternative sleeping arrangement. *Contra Monmouth Cnty. Correctional Institution Inmates v. Lanzaro*, 595 F. Supp. 1417, 1440 (D.N.J. 1984) (requiring that mattresses be provided to prisoners at all times). Therefore, the Court finds that Costin has alleged sufficient facts to create a reasonable inference that Vega subjected him to sleeping conditions that constituted punishment. This claim may **PROCEED**.

     **B.**    **Costin Has Not Stated an Equal Protection Claim Against the "HCJ Director"**

Costin seeks to hold the "HCJ Director" liable for discrimination for not providing him access to the kiosk. Compl. at 4-6. The Court construes this as a Fourteenth Amendment equal protection claim under the "class-of-one" theory. The Supreme Court recognized a "class-of-one" equal protection claim where a "'plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000)). A plaintiff need not specify the similarly situated individuals, but must plead there were similarly situated individuals who were treated differently. *Id.* at 244.

Costin's allegations fall short of this standard. He alleges that he was completely denied access to the kiosk and that such access is necessary for all inmates. Compl. at 4. Costin must allege how he was similarly situated to other detainees who were given access to the kiosk. Moreover, Costin does not allege how the HCJ Director was personally involved in depriving him of access to the kiosk. *See Chavarriaga*, 806 F.3d at 222. Therefore, the Court will **DISMISS**

4

*without prejudice* Costin's Fourteenth Amendment equal protection claim against the "HCJ Director."

### C. Costin Fails to State a § 1983 Claim Against "Social Workers"

Costin named "Social Workers" as defendants in the Complaint. The only reference the Court can find to "Social Workers" in the body of the Complaint is Costin's description of his attempts to seek relief from the appropriate administrative official. Compl. at 5. Costin alleged that no one responded to his written request slips, and "I hope they made it to the correct Social Worker, which was Mrs. Butler. I was told she was the Inmate Advocate." *Id.* Costin also alleges "none of the Administrative Workers did th[eir] jobs." *Id.* It is not clear if the "Social Workers" are the same as the "Administrative Workers." Even assuming Costin is suing unnamed social workers for failing to respond to his written request slips, the Court is unable to construe a constitutional violation from these allegations. Therefore, the Court will **DISMISS** *without prejudice* Costin's claim against "Social Workers."

### D. Costin Fails to State a Claim Against the HCJ Medical Department

Costin alleges medical staff dispensed his medication for PTSD between 4:00 p.m. and 5:00 p.m., although it was prescribed for bedtime. Compl. at 5-6. The HCJ medical department is not a legal entity that can be sued under § 1983. *See Medina v. Cumberland Cnty.*, No. 11-905, 2011 WL 1750738, at *2 (D.N.J. May 3, 2011) (holding that "sheriff's departments and corrections departments are not separate legal entities from the County, and therefore cannot be independently sued for violations of § 1983").

The Court therefore construes this as a claim against John/Jane Doe medical staff who dispensed Costin's medication. "[T]he Fourteenth Amendment affords pretrial detainees protections at least as great as the Eighth Amendment protections available to a convicted

5

prisoner[.]" *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003) (cleaned up). The Third Circuit, therefore, applies the Eighth Amendment standard when pretrial detainees bring inadequate medical care claims. *Id.* To state a claim, a plaintiff must allege "(1) a subjective showing that the defendants were deliberately indifferent to his or her medical needs and (2) an objective showing that those needs were serious." *Fields v. Delaware Dep't of Corr.*, 787 F. App'x 796, 798 (3d Cir. 2019) (cleaned up). Costin fails to meet the objectively serious need factor because he has not alleged how his condition is affected by taking his medication earlier than prescribed. As to the subjective showing of deliberate indifference, Costin has not alleged that medical staff knew dispensing his medication early would harm him. Therefore, the Court will **DISMISS** *without prejudice* Costin's claim against the unnamed medical staff.

IV.     CONCLUSION

For the reasons stated above, the Court will **PROCEED in part** and **DISMISS in part** *without prejudice* the Complaint. The only surviving claims are the due process claims against Vega. If Plaintiff wishes to amend the dismissed claims or otherwise amend the Complaint, he may file an amended complaint within **45 days** of the date of the accompanying Order. If Plaintiff files an amended complaint, it will replace the original Complaint, and must contain all claims against all Defendants, and must be served on all Defendants.[2] An appropriate Order follows.

**April 8, 2025**
Date

Evelyn Padin, U.S.D.J.

---

[2] After an attorney files a notice of appearance on behalf of a defendant, the attorney will automatically be electronically served all documents that are filed in the case. If a new defendant is added in an amended complaint, Plaintiff must serve the amended complaint on the new defendant in compliance with Federal Rule of Civil Procedure 4.

6